# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**FRANK JAMES BURNETT,**

    **Plaintiff,**

    v.                                   **CASE NO. 20-3171-SAC**

**JEFF EASTER, et al.,**

    **Defendants.**

## O R D E R

Plaintiff, Frank James Burnett, who is currently detained at the Sedgwick County Adult Detention Center in Wichita, Kansas, brings this civil rights case against Sedgwick County Sheriff Jeff Easter and the Sedgwick County District Court Judges.

Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2). Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

Prior to filing the instant Complaint on June 23, 2020, the Court finds at least four prior civil actions filed by Plaintiff which qualify as "strikes" under § 1915(g). This Court in *Burnette v. Reno County Comm'n*, found that Plaintiff had received a prior strike in *Burnett v. McPherson County Sheriff's Dep't*, Case No. 07-3038-SAC (D. Kan. Feb. 22, 2008). *Burnette v. Reno County Comm'n*, Case No. 16-3086-SAC-DJW, Doc. 9, at 4 (D. Kan. Oct. 13, 2016). The Court also noted that three additional cases were filed individually by Plaintiff (Case Nos. 07-3089-

1

SAC, 07-3040-SAC, and 07-3041-SAC) and then consolidated by the Court. *Id.* Each case was dismissed for failure to state a claim and each counted as an additional strike. *See O'Neal v. McGuire*, 18-cv-5506(JFB)(GRB), 2019 WL 2013775, at n.2 (E.D.N.Y. May 6, 2019) (counting each case as a strike even though cases were consolidated and dismissed in a single order) (citing *Akassy v. Hardy*, 887 F.3d 91, 96 (2d Cir. 2018) (rejecting contention that four consolidated appeals should be counted as a single strike) (citation omitted)).

Plaintiff, as a three-strikes litigant, may proceed in forma pauperis only if he establishes a threat of "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff's claims in his Complaint are based on the denial of his requested bond modification in his state criminal proceedings. Plaintiff alleges that the "wealth-based" system for determining bond violates the Due Process Clause of the Fifth Amendment and denies him equal protection. Plaintiff alleges that he is being discriminated against due to his indigent status. Plaintiff asserts that he is seeking systematic procedural reforms regarding the bail system in Sedgwick County.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id.* (citation omitted).

The Court has examined the Complaint and motion for leave to proceed in forma pauperis, and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $400.00 district court filing fee[1] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **July 17, 2020,** to submit the $400.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated June 26, 2020, in Topeka, Kansas.**

                                                          **s/ Sam A. Crow**
                                                          **SAM A. CROW**
                                                          **U. S. Senior District Judge**

---

[1] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $50.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.